RECEIVED
CLERK, U.S DISTRICT COURT
JAN 0 8 2007
4:20 p.m.
DISTRICT OF HAWAII

FILED
DEC 12 2006
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-10149 |
| Plaintiff - Appellee, | D.C. No. CR-03-00589-ACK |
| v. | |
| PETER J. GADDY, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, District Judge, Presiding

Submitted December 7, 2006**
San Francisco, California

Before: HAWKINS, TASHIMA, and THOMAS, Circuit Judges.

Defendant-Appellant Peter Gaddy was convicted of making false statements to a government official and causing a false claim to be made against the United States. Although none of the witnesses pointed to the defendant in court and

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirmatively identified him as the "Peter Gaddy" whose conduct was at issue in the case, the defendant's identity was never questioned by either party at trial. Gaddy appeals, his only argument being that the government's failure to establish "identity" mandates reversal of his conviction. We disagree.

The district court reviewed the trial record and concluded that sufficient evidence existed to identify the defendant as the "Peter Gaddy" whose conduct was at issue in the case. Specifically, the district court noted that two witnesses—both of whom had met Peter Gaddy in person—referred to "Mr. Gaddy" during their testimony and never suggested that the defendant sitting in the courtroom was a different person than the Peter Gaddy they were testifying about. The district court also noted that the defendant's attorney identified his client as the person who submitted a false health insurance form and, in closing, thanked the jury "on behalf of my client, Peter Gaddy."[1]

---

[1] Although the trial transcript was not made part of the record on appeal, Gaddy does not dispute the accuracy of these factual recitations. Thus, we accept the district court's factual findings as correct. See Fed. R. App. Proc. 10(b)(2); Boyle v. United States, 149 F.2d 201, 201 (9th Cir. 1945); Trujillo v. Grand Junction Reg'l Ctr., 928 F.2d 973, 976 (10th Cir. 1991) ("When a trial transcript is not designated as part of the record on appeal, an appellate court cannot review the district court's factual findings and must accept them as correct."), superceded on other grounds by Pub. L. No. 102-166, § 3 (1991).

Because "[i]dentification can be inferred from all the facts and circumstances that are in evidence"—and, specifically, because "in-court identification is not necessary when the defendant's attorney himself identifies his client at trial" and when no witnesses "point out that the wrong man had been brought to trial"—the district court correctly denied the Motion for Judgment of Acquittal. United States v. Alexander, 48 F.3d 1477, 1490 (9th Cir. 1995) (internal quotations and citations omitted).

**AFFIRMED.**